## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 21-bk-13842-JGR |
| MEGHAN LEIGH SACKETT, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____) | |
| ) | |
| MEGHAN LEIGH SACKETT, ) | Adversary Proc. No. 21-1226-JGR |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendants. ) | |

### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rules 7012 and 7015 of the Federal Rules of Bankruptcy Procedure and Rules 12 and 15(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant United States Department of Education ("DOE") hereby submits its Answer to Plaintiff's First Amended Complaint, ECF No. 5. All allegations not specifically admitted are denied.

### PARTIES

1. DOE lacks knowledge or information sufficient to form a belief about the allegations contained in this paragraph and therefore denies them.

2. DOE admits that it disbursed to Plaintiff certain student loans that are the subject of her First Amended Complaint, and that it has a mailing address located at 400 Maryland Avenue SW, Washington, DC 20202.

1

## JURISDICTION AND VENUE

3. DOE admits that Plaintiff is requesting that the Court discharge her student loan debt in this adversary proceeding and has invoked 11 U.S.C. § 523(a)(8), Federal Rule of Bankruptcy Procedure 7001(9), and 28 U.S.C. § 2201. DOE denies that Plaintiff is entitled to the requested relief.

4. This paragraph contains Plaintiff's legal conclusions regarding jurisdiction and venue, to which no response is required. To the extent a response is required, DOE admits that the Court has jurisdiction over this case and that venue is proper.

5. This paragraph is blank and appears to reflect a typographical error.

## FINAL ORDER CONSENT STATEMENT

6. This paragraph contains a statement of Plaintiff's consent to the entry of final orders or judgment by the Bankruptcy Court, to which no response is required. To the extent a response is required, DOE lacks knowledge or information sufficient to form a belief about the allegations contained in this paragraph and therefore denies them.

## FACTUAL ALLEGATIONS

7. DOE admits that Plaintiff filed a Chapter 7 bankruptcy petition in this Court on July 23, 2021. DOE lacks knowledge or information sufficient to form a belief about the remaining allegations contained in this paragraph and therefore denies them.

8. DOE lacks knowledge or information sufficient to form a belief about the allegations contained in this paragraph and therefore denies them.

9. DOE lacks knowledge or information sufficient to form a belief about the allegations contained in this paragraph and therefore denies them.

10. DOE lacks knowledge or information sufficient to form a belief about the allegations contained in this paragraph and therefore denies them.

11. DOE lacks knowledge or information sufficient to form a belief about the allegations contained in this paragraph and therefore denies them.

12. DOE admits that it disbursed Direct Loans and Direct Consolidation Loans to Plaintiff in a total amount of $81,920.55 in unpaid principal, with a total of $273.25 in accrued interest, for a total indebtedness of $82,193.80. DOE lacks knowledge or information sufficient to form a belief about the remaining allegations contained in this paragraph and therefore denies them.

13. DOE admits the allegations in the first sentence of this paragraph only to the extent that Plaintiff has not made any payments on the student loan debt held by DOE. DOE states that certain of Plaintiff's student loans previously were enrolled in income-based repayment ("IBR") plans, requiring $0 monthly payments based on Plaintiff's income information, and that all of her loans are covered by the CARES Act, a form of forbearance under which no monthly payment is required and no interest accrues, until at least May 1, 2022. DOE lacks knowledge or information sufficient to form a belief about the remaining allegations contained in this paragraph and therefore denies them.

14. DOE admits that the current administration has taken certain steps to address student loan debt and states that Plaintiff's loans are eligible for various forms of federal educational loan repayment options, including IBR and a Revised Pay As You Earn ("REPAYE") plan that would set payment amounts based on her earnings and make her eligible for loan forgiveness after a period of time. DOE lacks knowledge or information sufficient to

form a belief about the remaining allegations contained in this paragraph and therefore denies them.

15. This paragraph is blank and appears to reflect a typographical error.

16. Denied.

## PRAYER

This portion of the First Amended Complaint constitutes Plaintiff's request for relief, to which no response is required. To the extent a response is required, DOE denies that Plaintiff is entitled to the relief requested.

WHEREFORE, Defendant DOE, having answered the First Amended Complaint, respectfully requests that the Court determine that Plaintiff's loans at issue are not dischargeable, that judgment be entered in DOE's favor and against Plaintiff, that Plaintiff's First Amended Complaint be dismissed with prejudice, that DOE be awarded its reasonable attorney's fees and costs, and that the Court enter in DOE's favor any such other relief as the Court deems just.

## DEFENSES

1. Plaintiff's First Amended Complaint fails to state a claim for "undue hardship" as established by 11 U.S.C. § 523(a)(8) and the applicable case law.

2. Plaintiff has failed to mitigate damages, if any.

3. Plaintiff is not entitled to relief because she has not demonstrated good faith in addressing her indebtedness.

4. Plaintiff is not entitled to relief because the debt in question does not and would not impose an undue hardship.

5. DOE reserves the right to amend its Answer to include such other affirmative defenses as may be supported by evidence or law, or as raised in motions made under Rule 56 of the Federal Rules of Civil Procedure or Rule 7056 of the Federal Rules of Bankruptcy Procedure. DOE reserves the right to assert additional affirmative defenses or counterclaims as they may become known to it through disclosures, discovery, or further investigation.

### Compliance with Fed. R. Bankr. P. 7012(b)

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, DOE consents to the entry of final orders or judgment by the Bankruptcy Court in this action on the claim asserted by Plaintiff.

DATED: March 9, 2022

Respectfully submitted,

COLE FINEGAN
United States Attorney

*s/ Elizabeth Hagerty*
Elizabeth Hagerty
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Ste. 1600
Denver, CO 80202
Tel. (303) 454-0101
Fax (303) 454-0411
elizabeth.hagerty@usdoj.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all CM/ECF users associated with this case.

I further certify that I caused the foregoing to be served on the following non-CM/ECF participant in the manner indicated:

Meghan Leigh Sackett (*by mail*)
298 S. Gallatea Drive
Pueblo West, CO 81077

                                           *s/ Elizabeth Hagerty*
                                           Elizabeth Hagerty
                                           United States Attorney's Office